# CASES ARGUED AND DETERMINED

## IN THE

# SUPREME COURT OF MISSISSIPPI

## AT THE

## MARCH TERM, 1926.

EDWARD HINES YELLOW PINE TRUSTEES *v.* KNOX, ATTORNEY GENERAL, *et al.**

(Division A.   June 15, 1926.)

[108 So. 901.   No. 25394.]

1. INJUNCTION.

Jurisdiction of equity to restrain proceedings at law may be invoked only where there exists some equitable grounds, and remedy of defendant in suit at law is not plain, adequate, and complete.

2. INJUNCTION.

Bill to enjoin attorney-general from appealing from tax assessment cannot be maintained if remedy sought is defensive merely and equally available in suit at law.

3. INJUNCTION.

Contention that appeal from tax assessment was nullity because not signed by attorney-general or assistants and because not taken within prescribed time, may be determined in proceeding at law, and does not constitute ground for equitable relief by way of injunction.

4. TAXATION.

"Fair and proper legal assessment" of property is such as places its value on fair, equal, and uniform basis with other property of like character and value throughout county and state.

(560)

5. INJUNCTION.
   Alleged intention of attorney-general in appeal from tax assessment, to secure one hundred per cent. assessment as against assessment of sixty per cent. as to other property, does not present grounds for injunction, since it will be assumed that circuit court will proceed in accordance with state and federal constitutions requiring equality and uniformity.

6. INJUNCTION.
   Mere fact that preparation and presentation of defense to appeal from tax assessment will entail expense is no ground for injunctive relief.

7. INJUNCTION. *Chancery court may not enjoin prosecution by state, county, or municipality of appeal from tax assessment (Laws 1918, chapter 120).*
   Under Laws 1918, chapter 120, giving state, county, or municipality right of appeal from tax assessment to circuit court, chancery court may not enjoin prosecution of such appeal, having no inherent nor statutory power to revise or equalize assessments.

8. ATTORNEY-GENERAL. *Although attorney-general may, at his own expense, employ counsel to assist in appeal from tax assessment, he cannot bind state or taxing districts to pay for such service (Laws 1918, chapter 120).*
   Although attorney-general may employ, at his own expense, private counsel to assist in appeal from tax assessment under Laws 1918, chapter 120, he cannot thereby bind state or taxing districts to pay for such service.

9. ATTORNEY-GENERAL.
   Attorney-general may employ counsel to represent him in proceeding to enjoin taking appeal from tax assessment under Laws 1918, chapter 120, and to contract to pay reasonable attorney's fees therefor.

10. ATTORNEY-GENERAL.
    Attorney's fee of five thousand dollars for services in resisting motion for injunction against appeal from tax assessment by attorney-general *held* excessive and reduced to one thousand dollars.

11. APPEAL AND ERROR. *Decree directing dismissal of bill in vacation on sustaining demurrer held not prejudicial, where decision on demurrer practically amounted to final disposition, and appellants declined to amend or plead further, but prayed for and were granted appeal (Code 1906, section 621 [Hemingway's Code, section 381]).*
    144 Miss.—36.

Where only relief under bill to enjoin prosecution of appeal from tax assessment was such injunctive relief, and decision on demurrer amounted practically to final disposition, and plaintiffs, after decision, declined to amend or plead further but prayed for and were granted an appeal, *held* that they could not have been prejudiced because of dismissal of bill in decree sustaining demurrer because made in vacation in violation of Code 1906, section 621 (Hemingway's Code, section 381).

*Corpus Juris-Cyc. References: Appeal and Error, 4 C. J., p. 938, n. 10; Attorney and Client, 6 C. J., p. 807, n. 26; p. 808, n. 46; p. 809, n. 47; Injunction, 32 C. J., p. 85, n. 86; p. 99, n. 51; p. 111, n. 96; Taxation, 37 Cyc, p. 1010, n. 32.

APPEAL from chancery court of Pearl River county.

HON. T. P. DALE, Chancellor.

Bill by the Edward Hines Yellow Pine Trustees against Rush H. Knox, attorney-general, and others seeking to enjoin defendants from prosecuting an appeal from the assessment of plaintiffs' lands. The motion to dissolve the temporary injunction was granted, and the bill of complaint dismissed, and plaintiffs appeal. Affirmed in part, and in part reversed and judgment rendered.

*T. J. Wills, T. W. Davis, W. L. Wallace* and *H. C. Holden,* filed briefs for appellants.

*Rawls & Hathorn* and *Rush-H. Knox,* Attorney-General filed briefs for appellees.

COOK, J., delivered the opinion of the court.

The appellants filed a bill in the chancery court of Pearl River county, seeking to perpetually enjoin Rush H. Knox, attorney-general, and E. C. Sharp, F. C. Hathorn, and E. B. Williams, attorneys at law employed by Rush H. Knox, from the prosecution of an appeal taken by the attorney-general from the assessment of the lands and timber of the appellants, as made by Pearl River county for the years 1923 and 1924. A temporary injunc-

tion was issued and served, and thereupon the appellees, through their attorneys Rawls and Hathorn, filed a plea, demurrer, and answer to the bill of complaint under the rules prescribed by the Chancery Practice Act of 1924 (Laws 1924, chapter 151), and also filed a motion to dissolve the injunction, and notice thereof was given to the appellants. On the day fixed for the hearing, by agreement of the parties, the motion to dissolve was heard on the bill, pleas, and demurrer, and the chancellor sustained the motion to dissolve the injunction, and, the appellants declining to amend or plead further, the bill of complaint was dismissed. The question of the allowance of damages on the injunction bond was continued for hearing at a later day, and upon the hearing of the motion for and notice of damages, the appellees offered testimony as to the value of the land and timber and the probable amount of taxes involved in the appeal from appellants' assessment for taxes, and also offered the testimony of several attorneys as to the amount of a reasonable fee for services rendered in securing the dissolution of the injunction, and the court fixed the attorney's fee at five thousand dollars, while other items of damage amounting to two hundred thirty-three dollars and sixty-five cents were agreed upon, and, from the decree dissolving the injunction, dismissing the bill, and awarding damages, this appeal was prosecuted.

The pleadings are long, and we shall only state the substance of those averments which we deem necessary to an understanding of the grounds for reversal argued by counsel; for the appellant. The bill of complaint avers that the taxing authorities of Pearl River county endeavored to assess the property of all taxpayers and owners of property in said county at the same percentage of the true value thereof, in order that there might be equality of taxation in that county as between various taxpayers; that in pursuance of this purpose, at the July, 1923, meeting, the board of supervisors equalizing the tax assessment of the county and gave the statutory no-

tice to taxpayers to appear and register their objections
to the changes and corrections made therein by the board;
that at the August, 1923, meeting, the board of super-
visors, after hearing all objections to the said roll, ap-
proved it, and ordered that the final recapitulation of the
said assessment roll be certified to the state tax commis-
sion; that on the 29th day of September, 1923, the said
tax commission approved the recapitulations of the roll,
and directed the board to make copies thereof; that on
the 2d day of October, 1923, the board of supervisors
entered on its minutes the order of the said tax commis-
sion approving the roll; and that the board of supervisors
then adjourned its October meeting on the 3d day of Oc-
tober, 1923.

The bill further charged that under the law the attor-
ney-general received a commission of fifteen per cent. of
any increased taxes that might be collected by appeals
from assessments; that during the year, 1923, Clayton
D. Potter, then attorney-general of the state of Missis-
sippi, employed F. C. Hathorn and E. B. Williams, attor-
neys engaged in private practice, to take and prosecute
an appeal from the assessment of the complainants; that
the said F. C. Hathorn and E. B. Williams were not
assistant attorneys-general, and were in no sense repre-
sentatives of the state of Mississippi or of any political
subdivision thereof, but were attorneys employed by the
attorney-general to take, in his name, appeals from the
assessments of many taxpayers of the state under some
arrangement or agreement for a division of the commis-
sion collected thereby; that on November 22, 1923, in
pursuance of such employment, the said F. C. Hathorn
and E. B. Williams prepared and filed a petition to ap-
peal from the complainants' assessment, but that said
petition was incomplete, in that it failed to describe the
land covered by the assessment which was attempted to
be appealed from, but merely prayed that the clerk make
a list of said lands from the assessment roll where the
same appeared and attach it to said petition; that, while

said petition appeared on its face to have been signed by the attorney-general, as a matter of fact, he did not prepare or sign said petition, but it was prepared in the office of the chancery clerk of Pearl River county on November 22, 1923, and the name of the attorney-general signed thereto by the said F. C. Hathorn and E. B. Williams at a time when the attorney-general was not present; that the said F. C. Hathorn and E. B. Williams were not authorized to sign, on behalf of the state of Mississippi, the name of the attorney-general to a petition for appeal; and that the appeal taken by these private attorneys was without authority of law and void.

It was further charged that the final order of the board of supervisors approving the roll on the 2d day of October, 1923, was the order designated by law from which appeals should be taken, and that the attempt to appeal by petition, filed November 22, 1923, more than twenty days after the adjournment of the October meeting of the board, was not within the time prescribed by law, and was therefore null and void.

It was further averred that the taxing authorities of Pearl River county, for the year, 1923, endeavored to assess the property of all taxpayers in said county at approximately sixty per cent. of the true value of such property; that this was the uniform system adopted by the taxing authorities of said county, and intentionally followed by them; that under the law it is the duty of the state tax commission to so equalize the assessments as between the various counties of the state that all property shall be assessed upon an equal basis; that during the year 1923, the said tax commission intentionally and systematically adopted sixty per cent. of the true value of property as a basis of all assessments, and so equalized the rolls of the various counties of the state that all property in the state should be assessed on the basis of approximately sixty per cent. of its true value; that complainants' property in Pearl River county had already been assessed at even more than sixty per cent.

of its true value, and that it is the purpose and intent of the defendants, by means of their attempted appeal from complainants' assessment, to require the complainants' property to be assessed at one hundred per cent. value; that to assess the complainants' property at one hundred per cent. value, contrary to the general policy and system adopted as aforesaid, would violate the provisions of section 112 of the Constitution of Mississippi, providing for equal and uniform taxation throughout the state; that, regardless of the system that has been adopted throughout the state, a court of law will require complainants' property to be assessed at its true value, in accordance with the laws of the state, and that so to do would be inequitable, unjust, and unconstitutional.

It was further charged that the appeal and claim thus made that the complainants were due and owing other and further taxes on said property had the effect of creating a lien on said property, and thereby placed a cloud, doubt, or suspicion upon complainants' title, and that they were entitled to have said tax appeal canceled and the cloud removed.

The appeal further avers that, on account of the nature of the case and the large amount of property involved, it will require the expenditure of much money and time to prepare the defense to the circuit court proceeding, and that, since no part of this expense could be collected from the defendants if the complainants were successful, they would suffer irreparable damages if they were required to litigate the matter in the circuit court.

The prayer of the bill was for an interlocutory injunction restraining the defendants F. C. Hathorn and E. B. Williams and E. C. Sharpe, and any and all other assistant attorneys-general, or attorneys or agents representing the attorney-general's office, and all other representatives of the state or the county of Pearl River, from prosecuting said cause in the circuit court of Pearl River county, and from taking any part therein or in any wise pressing the same for trial or proceeding there-

in, and that, on final hearing, full and adequate relief between the parties be granted, including the making of said temporary injunction final, and canceling the appeal as a cloud on complainants' title, and for general and special relief.

To this bill of complaint, the defendants filed a plea and demurrer, the first averment of the plea being that the bill shows on its face that the state of Mississippi is the real defendant in the cause; that, although the attorney-general and counsel representing him are named as defendants, they are, in fact, only nominal ones; that the suit, being a suit against the state, is prosecuted by the complainants without the consent of the state and without authority of law. The plea further avers that the bill of complaint shows on its face that the complainants are attempting to enjoin the state of Mississippi from having the assessment of the complainants' land reviewed by the circuit court of said county, which court is authorized by statute to review said assessment; that, in reviewing this assessment, said court tries the cause *de novo;* that, in the exercise of its said powers and functions, the circuit court acts as a board of equalization of property value for assessment for taxing purposes, and, in the exercise of its said powers and functions, it must be presumed that the said tribunal will act fairly, properly, and legally, and that it will not abuse said powers and functions, or discriminate against complainants; that, until said circuit court has exercised said powers and functions of fixing and equalizing the proper valuation at which complainants' said property shall be assessed for taxes, no presumption can arise that a change will be made in the assessment as fixed by the board of supervisors, if fair and proper, nor can a presumption arise that said circuit court will exercise its said powers and functions improperly and unfairly, or that it will discriminate unfairly or improperly against complainants in the assessment and valuation of its property; that, until and unless it shall be shown that said circuit court

has made an improper assessment of complainants' property, or has discriminated against them in the assessment of same, there is no right in the complainants to seek relief by injunction in a court of equity to restrain or interfere with such proceedings.

The grounds of demurrer which are material here are, in substance, as follows:

(1) That the proceeding in the circuit court sought to be enjoined, and mentioned in and made a part of the bill of complaint shows on its face that the complainants herein have in said suit a full, adequate, complete, and speedy remedy at law.

(2) That the bill shows on its face that the proceedings sought to be enjoined are pending in the circuit court of Pearl River county, a court of competent and co-ordinate jurisdiction, which court has full, complete, and exclusive jurisdiction of the parties and of the cause, and is authorized and entitled to proceed to final judgment, and that every right and every remedy sought to be obtained by the complainants in this suit is open to and may be availed of by complainants in the proceedings sought to be enjoined.

(3) That the bill shows on its face that the proceedings sought to be enjoined are authorized by statute; that the statute authorizing said proceedings gives to the circuit court special statutory jurisdiction over such proceedings, which jurisdiction is exclusive; that in said proceedings the said circuit court is exercising a special and statutory jurisdiction to revise assessments; that the appeal was taken by the attorney-general in behalf of the state of Mississippi, and Pearl River county and the various taxing districts thereof, from the land assessment of the complainants for the years 1923 and 1924 as finally approved by the board of supervisors of said county, for the purpose of having the circuit court revise the assessment by increasing the value of the property of the complainants on the assessment roll; and that there is no power vested in the chancery court by

statute or otherwise to revise assessments of land for taxes, but, on the contrary, this power is vested by law in the circuit court exclusively.

(4)   The said proceeding in the circuit court of Pearl River county sought to be enjoined shows on its face that the circuit court has full and complete jurisdiction of the parties and of the subject-matter; that, having and exercising full jurisdiction, the complainants herein, who are defendants in the said circuit court suit, have been brought into said court by process and have made their appearance therein, and have presented to said court by proper pleadings, every question which they seek to present and have adjudicated in the chancery court; that said complainants have not only presented said questions in said circuit court case, but have sought and obtained the rulings of the court thereon; that said rulings have been adverse to the complainants; and that, under the law the full, complete, and adequate remedy, and the only remedy, open to the defendants for relief against said adverse rulings in the circuit court, was and is by appeal to the supreme court, and not by way of injunction restraining further proceedings in the circuit court.

(5)   That the said proceeding in the circuit court shows on its face that the order of the said tax commission, dated September 29, 1923, and entered on the minutes of the board of supervisors at its October meeting, was not an order of the tax commission approving the assessment roll of said county, but was an order approving the recapitulations thereof; that the order of the said tax commission, dated November 7, 1923, and entered on the minutes of the board of supervisors November 7, 1923, was and is the order of said tax commission approving the assessment roll of said county; that the appeal by the attorney-general from the assessment of complainants property was filed with the clerk of the board of supervisors on November 22, 1923, within twenty days after said order of the state tax commission of November 7, 1923, approving said assessment roll, had been en-

tered on the minutes of the board of supervisors, and, consequently, that the appeal by the attorney-general from the assessment of complainants was taken and filed at the time prescribed by law.

The major portion of appellants' brief is devoted to the discussion of the question as to whether or not, as a defensive measure, the defendant taxpayers, against whom the appeal was prosecuted, may avail themselves of the defensive measure of an injunction restraining the further prosecution of the appeal; or, in other words, since the state has invoked the jurisdiction of its court and has become a litigant therein, can it then claim the immunities of sovereignty against defensive proceedings relative to the subject-matter of the litigation?

There is an abundance of authority to support the proposition advanced by appellants that, when a state voluntarily places itself in the position of a litigant, whether in its own court or in those of a sister state, it will be held to have laid aside its sovereignty, and to have taken on the garb of an ordinary litigant, so far as concerns all proper matters of adjudication growing out of the cause of action sued on, and the defendant is entitled to plead and prove any and all matters properly defensive, but it will not be necessary for us to express any opinion on this question in order to determine the right of appellants to maintain this bill to restrain the further prosecution of this action at law.

The jurisdiction of equity to restrain, proceedings at law may be invoked only where there exists some equitable grounds for such relief, and the remedy of the defendant in the suit at law is not plain, adequate, and complete. There is not here involved any question of multiplicity of suits, but the effort is simply to enjoin the circuit court from exercising a special statutory jurisdiction, and, if the remedy sought by the suit to enjoin this proceeding at law is defensive merely and is equally available in the suit at law, the bill for injunction

cannot be maintained.  32 C. J. 85; 14 R. C. L. 340 and 405.

In the case at bar two grounds of equitable jurisdiction are specially stressed: First, that the appeal was void for the reason that the petition for appeal was not signed in person by the then attorney-general, but that his name was signed hereto by one of the attorneys. who represented him in taking the appeal; and, second, that the appeal is void because it was not taken within the time prescribed by law.

Upon the contention that the appeal is a nullity because it was not signed by the attorney-general, or one of his regularly appointed assistants, in person, it is clear that this may be raised in the circuit court by proper pleadings, and that court is as competent to pass upon the question as the chancery court.

Likewise, upon the point that the appeal was void for the reason that it was not taken within the time prescribed by law, the appellants have a plain, adequate, and complete remedy by appropriate pleadings in the suit at law. In fact, it appears from the record that this defense was interposed in the proceedings in the circuit court, and by that court decided against the appellants, and, if this adverse ruling of the circuit court was erroneous, the remedy of the appellants is by an appeal to this court and not by injunction restraining further prosecution of the proceedings at law. Upon both propositions the remedy at law is full, adequate, and complete, and neither constitutes any ground for equitable relief.

The bill of complaint charges that, by the appeal to the circuit court, the attorney-general is attempting to have the property of appellants assessed at one hundred per cent. of its value, while other taxpayers of the county and of other counties of the state are assessed at only sixty per cent. of the value of their property, and that the accomplishment of this purpose will violate the equality and uniformity provisions of the Constitution of the state and the United States. The petition for ap-

peal recites that the property of appellants is underval-
ued, and that the purpose of the appeal is to revise the val-
uation thereof so as to assess the same at a fair and prop-
er legal assessment. A fair and proper legal assessment
of appellants' property would be such assessment as
would place its value upon a fair, equal, and uniform basis
with that of other property of like character and value
throughout the county and state. The constitutional and
statutory provisions on the subject require that property
shall be assessed at its true value, but, if it be conceded
that the attorney-general is seeking to have the prop-
erty of appellants assessed at one hundred per cent. of its
value, while other property of the county is assessed at
only sixty per cent. of its value, and that so to do would
violate the equality and uniformity provisions of the
state and United States Constitutions, still the presump-
tion must be indulged that the circuit court, upon the
trial of the appeal, will proceed in accordance with law
and administer the law of the land as manifested in these
constitutional mandates. 32 C. J. 73; 1 High on Injunc-
tions, par. 64; *Robertson* v. *Baseball Association,* 141 Ala.
348, 37 So. 388, 109 Am. St. Rep. 30, 3 Ann. Cas. 965.

The further argument is advanced that, on account of
the vast amount of land and timber involved in the ap-
peal, the cost of preparing estimates of the amount of
timber on the land, together with the other cost and ex-
pense of property preparing and presenting a defense
to the proceedings at law, would inflict upon appellants
such irreparable injury as would entitled them to equit-
able relief. If the chancery court had the power and ma-
chinery to make or revise assessments, and could draw
to itself the entire case and grant full relief in the prem-
ises, it is difficult to perceive why the expense of a trial
in the circuit court should be so much in excess of the
cost and expense of a trial in the chancery court as to
work irreparable injury to appellants, and if, perchance,
the unusual circumstance exists that these appellants
do not already have full and complete estimates of the

March, 1926] Edward Hines *v.* Knox, Atty. Gen. 573

144 Miss.]                    Opinion of the Court.

timber standing on these lands, the mere fact that the preparation and presentation of a defense at law will entail expense is no ground for injunctive relief.

We do not think the bill of complaint presents any ground for injunctive relief, but there is another all-sufficient reason why this injunction to stay a proceeding to revise an assessment for taxes cannot be maintained. Prior to the enactment of chapter 120, Laws of 1918, there was no right vested in the state, or a county, or a municipality, to appeal from the assessment of a taxpayer. By the enactment of this statute, the right was extended to the state, county, or municipality feeling aggrieved by a decision of the board of supervisors, or municipal authorities, as to the assessment of any taxpayer, to appeal therefrom, and the circuit court was designated by this statute as a special statutory tribunal to hear and determine such appeals. Chapter 120, Laws of 1918.; *Robinson Land & Lumber Co.* v. *Roberson,* Atty.-Gen., 126 Miss. 535, 89 So. 160; *State* v. *Wyoming Mfg. Co.,* 138 Miss. 249, 103 So. 11.

There is no inherent power in a court of equity to revise or equalize assessments for taxes, and no such power has been granted by statute. It was expressly held in the case of *Railroad Co.* v. *Adams,* 73 Miss. 648, 19 So. 91, that "a chancery court has neither the machinery nor the power to make such assessment," and the rule is well settled that, where statutory regulations on a subject have been adopted, the means provided by the statute are exclusive. *Ex parte Wimberly,* 57 Miss. 437; *Brooks* v. *Shelton,* 47 Miss. 243; *Railroad Company* v. *Adams, supra.*

The circuit court is designated by statute as the special tribunal to hear and determine tax appeals, and upon such appeals to that court the trial is *de novo,* and necessarily the questions considered anew by that court are the questions considered and determined by the board of supervisors or the municipal authorities, as the case may be. The chancery court has neither inherent nor statutory

power to revive, equalize, or correct assessments for taxes, and, being without power or authority to draw to itself and determine the questions of·revision, equalization, or correction of the assessment, it was without power to enjoin the prosecution of the tax appeal in the forum specially designated by statute to hear and determine these questions. *Griffith Chancery Practice,* par. 441; *Railroad Co.* v. *Adams, supra; Thompson* v. *Krutzer,* 103 Miss. 388, 60 So. 334.

By statute, the state is granted and guaranteed the right to prosecute, through its designated officers, an appeal from the assessment of any taxpayer, and, since the chancery court is powerless to hear and determine the question presented by such an appeal or to grant any of the relief vouchsafed thereby, it is equally powerless to prevent the state from prosecuting such an appeal and obtaining a decision of the questions thereby presented in the tribunal specially designated to hear and determine all such questions. Consequently, for the several reasons herein stated, the court below was correct in dissolving the temporary injunction.

Upon the dissolution of the injunction, the court below allowed as damages on the injunction bond an attorneys' fee of five thousand dollars and this action of the court is assigned as error, the contention of appellants being, first, that no attorney's fee should have been allowed, and, second, that, if it was proper to allow any attorney's fee, the amount allowed is excessive.

While the petition for appeal as it appears in this record shows that it is signed, "Clayton D. Potter, attorney-general of the state of Mississippi," the briefs of counsel proceed upon the theory that the petition for appeal was not signed by the attorney-general in person, but that his name was signed thereto, under his direction, by counsel who were employed by him for the purpose of taking the appeal and assisting in the prosecution thereof.

Accepting this concession of counsel as being correct, still it appears that the attorney-general now and at all times has approved and ratified the acts of his representatives in taking this appeal and that he has actively engaged in its prosecution. The act of taking the appeal must be the act of the attorney-general as the duly authorized representative of the state and county, and, having determined that an appeal from any particular assessment is necessary or advisable, the duty devolves upon him to prosecute such appeal to a conclusion, and the responsibility for the proper discharge of his duty in this regard cannot be delegated, but no good reason now appears why he may not acquire the data and information upon which he bases his decision to appeal through the agency of private counsel employed by him for that purpose, and may not employ at his own expense private counsel to assist him in the preparation and prosecution of this appeal, and also authorize the mere clerical or administrative act of signing his name to the petition for appeal after having decided that an appeal was justified, but it is clear that he cannot thereby in any manner bind the state or any of its taxing districts to pay such attorneys for any service so rendered. While the state has made provision for the appointment of certain assistants to the attorney-general, and for the employment of special counsel under some circumstances, it is no doubt often desirable, if not necessary, for the attorney-general to avail himself of the learning and ability of private counsel to aid him in the discharge of the multitudinous and burdensome duties imposed upon him by law, but in such cases the duty and responsibility rests upon the attorney-general, and, if private counsel are employed by him, the state or county cannot be obligated for their compensation.

By chapter 120, Laws of 1918, the state and county are granted the right of appeal from assessments of taxpayers, which appeals may be taken and prosecuted through the agency of the attorney-general, the district

attorney, or the county attorney.  In the case at bar the appeal is taken in the name of the attorney-general on behalf of the state and county of Pearl River, and the injunction writ issued restrained the attorney-general and incidentally his attorneys and agents from taking further steps in the prosecution of the cause.  Neither the state nor the county was a party to this suit, and the appeal might be proceeded with upon the proper intervention of one of the other officials who are authorized by statute to take and prosecute such appeals.  While the attorneys and agents of the attorney-general are made parties defendant to this injunction proceeding and are enjoined thereby, they could in any event proceed only in the name of and for and on behalf of the attorney-general, who is the real party restrained by this proceeding.  The bond on its face is in favor of the attorney-general only, and, since he was charged with the official duty of prosecuting the appeal to a conclusion, it was entirely proper that he should move for the dissolution of the injunction, in order that he might properly discharge the duties imposed upon him by law, and that the state and county might fully exercise the right of appeal granted to them by the statute.  The object of the writ was to perpetually enjoin the attorney-general from the performance of an official duty, and he has the same rights as any other defendant to employ counsel to represent him in securing the dissolution of this temporary injunction, and to contract to pay such attorney's fees as may be reasonable and necessary for that purpose.

As to the allowance of a fee of five thousand dollars for the services of attorneys in this case, we think it is excessive.  As bearing upon the question of allowance of attorney's fees, there was testimony offered tending to show that upon certain increases in the valuation of the property assessed, the additional amount of taxes that might be collected would be about one hundred twenty thousand dollars, and the fee allowed seems to have been fixed upon the basis that this was the amount involved

in the original litigation. We do not think, however, that this is a proper basis for assessing a fee for securing the dissolution of an injunction restraining the prosecution of an appeal from assessment for taxes, as in such a case the amount involved is wholly speculative. Looking at the completed record, and the issues involved, we are of the opinion that a fee of one thousand dollars for the services rendered in the court below would be reasonable and proper, and that the amount of the fee would be reduced to that sum.

Finally, it is contended by the appellants that it was error to dismiss the bill of complaint in vacation upon the sustaining of the demurrer to the bill, and in support of this contention they rely upon section 621, Code of 1906 (section 381, Hemingway's Code), which is as follows:

"When, on motion, an injunction shall be wholly dissolved, the bill of complaint shall be dismissed of course with costs, unless sufficient cause be shown against its dismission at the next succeeding term of the court."

The bill of complaint shows, and the chancellor correctly found, as recited in his decree, that the only relief which could have been granted under the allegations and prayer of the bill was the injunctive relief prayed for, and the decision upon the demurrer amounted practically to a final disposition of the case. The decree shows that the appellants were given an opportunity to amend their bill or plead further, and this they declined to do, and then prayed for and were granted an appeal. In this attitude of the case at the time of the rendition of the decree the appellants could not have been prejudiced by reason of the fact that the decree sustaining the demurrer and dissolving the injunction also directed the dismissal of the bill. The case of *Evans* v. *Money,* 104 Miss. 269, 61 So. 309, is decisive against the contention of the appellants that, under the facts here, the dismissal of the bill constituted reversible error. In that case, after quot-

ing section 621, Code of 1906 (section 381, Hemingway's Code), in full, the court said:

"The hearing of the demurrer and motion to dissolve was before the chancellor in vacation. His decree and the record in this case show that the cause was quite fully considered. The decision upon the demurrer practically disposed of the case. The decree shows that appellant asked for, and was by the chancellor granted, an appeal from his decision. A refusal to continue the injunction amounted to a final settlement of the controversy. The statute provides that the dissolution of injunctions, such as in the present case, carries with it, as of course, a dismissal of the bill of complaint. But the complainant by the statute is given until the end of the next term of the court opportunity to show sufficient cause why the dismissal should not be considered final. If complainant, at any time during the next succeeding term of the court, shall make application to the court and show sufficient cause, further proceeding may, by permission of court, be had therein. *Bass* v. *Nelms,* 56 Miss. 502.

"Considering the attitude of this case at the time of the rendition of the decree complained of, we do not believe that complainant's rights have been prejudiced by reason of the chancellor's entering in his decree that the bill was dismissed when he sustained the demurrer and dissolved the injunction."

The decree of the court below allowing an attorney's fee of five thousand dollars for services rendered in the court below will therefore be reversed, and judgment will be entered here fixing the attorney's fee for such services at one thousand dollars; in all other respects the decree will be affirmed.

*Affirmed in part, and reversed in part.*