ETHRIDGE, Chief Justice.
This is an appeal from a decree dissolving an injunction obtained by Texas Gas Transmission Corporation, appellant, enjoining H. T. Council, appellee, from filing and threatening to file a petition for writ of prohibition, for the purpose of testing an eminent domain proceeding brought by Texas Gas. The decree sustained a demurrer and dismissed the bill of complaint with prejudice. We affirm.
On July 1, 1966, Texas Gas filed in the County Court of Washington County an eminent domain petition to condemn a right of way through land owned by Council. On August 8 the county court set the case for trial on August 30. Also on August 8, Council filed in the Circuit Court of Washington County a petition for writ of prohibition, alleging that there was no public necessity for the respondent, Texas Gas, to take the additional right of way across his property. On the same date, Council took a voluntary nonsuit of his petition for prohibition.
On August 11, Texas Gas filed a bill for injunction against Council, which alleged: The eminent domain case was set for August 30, and Council nonsuited his prohibition proceeding. His attorney had advised complainant that he would refile the prohibition suit not earlier than August 22. Defendant and his attorney proposed to take such action solely for the purpose of vexing, harassing, and delaying the eminent domain petitioner in its rightful trial of the eminent domain case. Defendant threatened and continued to threaten to misuse the processes of the law court and to convert that court into an instrument of injustice by his actions. The threatened later filing of a petition for writ of prohibition was designed solely to harass, hinder, vex and delay complainant in the exercise of its statutory right of eminent domain. Defendant was not acting in good faith, and complainant had no plain, adequate and complete remedy at law. The bill prayed for a temporary injunction restraining defendant and his attorneys from filing or prosecuting a petition for writ of prohibition, and from seeking or attempting to delay the trial of the eminent domain case.
On August 12, Texas Gas filed a petition for a temporary injunction, alleging that the chancellor of the Chancery Court of Washington County was out of the state. It therefore presented its petition for temporary injunction to a chancellor of the first chancery court district (Hinds County). Miss. Code 1942 Ann. § 1654 (1956). The petition adopted all of the charges of the original bill. On the same date the chancellor issued without notice to Council a writ of temporary injunction, and a copy of it was served by secondary process on Council, by delivering the copy to his wife.
Council filed on August 24 an answer to the bill, and a motion to dissolve the injunction. The latter pleading asserted that there was no equity on the face of the bill and that complainant had a plain, adequate and speedy remedy at law. On twenty-four hours’ notice to Texas Gas, there was a hearing on the motion to dissolve and on demurrer, before another chancellor of the first chancery district, acting in the absence of the chancellor of Washington County. The chancellor held that Code section 2782 gave the landowner a specific method of testing the question of public necessity by way of writ of prohibition, and, although Council had probably hindered and delayed Texas Gas in its attempt to obtain an easement, the land belonged to the defendant, *249 and he had the statutory right to test the eminent domain suit by petition for writ of prohibition. The injunction denied Council procedural due process in this respect. The bill did not set out a good cause of action, since Texas Gas had an adequate remedy at law, in a hearing before the circuit court on writ of prohibition, if Council should file such a petition. The court did not decide any questions as to damages or attorneys’ fees for the wrongful suing out of the injunction. Treating the motion to dissolve as also a general demurrer, it was sustained, and the bill was dismissed.
There was no reversible error in the chancellor hearing the demurrer to the bill for injunction on less than five days’ notice. Code section 1348 provides that motions to dissolve injunctions may be heard by the chancellor in vacation on five days’ written notice. Miss.Code 1942 Ann. § 1348 (1956). However, the temporary injunction was obtained without notice, although appellant knew that ap-pellee was represented by counsel, and although objecting, appellant appeared at the hearing. Under all of the circumstances, and also because the temporary injunction was improvidently granted, the chancellor did not abuse his discretion in proceeding with the hearing on demurrer to the bill.
The chancellor was correct in his disposition of this matter. At the time the temporary injunction without notice was obtained, and at the time the final decree was entered, there was no pending proceeding by Council for a writ of prohibition. The petition for a temporary injunction charged that Council was threatening misuse of processes of law courts to file such a petition. The general rules are summarized in Griffith, Mississippi Chancery Practice, section 438 (2d ed. 1950):
(N)o action at law will ever be enjoined when adequate relief can be obtained in the court where the action is already pending, or is about to be brought. The injunction is granted solely on the ground that there are definite equitable circumstances,—and they must be made positively to appear,—upon which the court of law cannot adequately act, but of which the court of equity can take cognizance, and that without the inclusion of competent and adequate action upon those features of the case it would be against equity and good conscience that it should proceed; as for instance, where there is an equitable defense which cannot be made at law or where the opposite party to the suit has made or is making a fraudulent, or unconscionable use of his privileges in the law court, or of its processes, thereby converting that court into an instrument of injustice,—in such a way that the law court cannot itself correct or remedy the matter.
Whether a taking by eminent domain is for a public use is a judicial question. Miss.Const. Art. 3, § 17. Mississippi Code 1942 Annotated section 2782 (Supp. 1966), creates a specific and exclusive remedy for determining the right to eminent domain and public necessity. It provides:
The legal remedy by way of prohibition is made applicable for the purposes of testing the questions (1) whether the applicant seeking to exercise the right to eminent domain is, in character, such a corporation, association, district or other legal entity as is entitled to the right and/or (2) whether there is a public necessity for the taking of the particular property or a part thereof which it is proposed to condemn. All of the provisions in the chapter on Quo Warranto, so far as may be, shall apply to the procedure under this section; and the petition for the writ may be filed by any defendant in the condemnation proceedings. Upon the filing of a petition under this section, process shall be issued immediately, returnable not later than the fifteenth day after the date of issuance, in term time or vacation, and the Circuit *250 Judge shall issue immediately a temporary order staying the hearing in the court of eminent domain until the cause can be tried under this section by the Circuit Judge; and said petition shall be a preference case in said Circuit Court, and the Circuit Judge shall docket and dispose of said petition at the earliest possible opportunity, in term time or vacation; and if on the decision of the Circuit Judge, the petition be sustained, a permanent writ of prohibition shall issue. An appeal may be taken to the Supreme Court as in other cases, but if the judgment of the Circuit Judge be to deny the petition, the appeal aforesaid shall not operate as a supersedeas, and the court of eminent domain may nevertheless proceed.
In Erwin v. Mississippi State Highway Commission, 213 Miss. 885, 58 So.2d 52 (1952), it was held,
Sec. 2782 made the question of necessity a judicial issue cognizable only by a petition in the circuit court for a writ of prohibition. * * * In brief, there is no way to test judicially the issue of public necessity except by a petition for writ of prohibition under Code Sec. 2782. 213 Miss. at 903, 58 So.2d at 57.
Hence in Erwin a landowners’ suit for an injunction against the Highway Commission stated no cause of action for equity jurisdiction, since complainant had a plain and adequate remedy at law by prohibition.
In the absence of some special equity, a court of equity generally will not enjoin an action or proceeding at law. 43 C.J.S. Injunctions § 41 (1945). Moreover,
While there is some authority to the contrary, it is generally held that a court of equity has no jurisdiction to grant an injunction to stay proceedings by mandamus or a writ of prohibition, * *. 43 C.J.S. Injunctions § 44 (1945).
In short, an injunction will not be granted against the institution or prosecution of an action if adequate defense for the protection of defendant’s rights may be made in the action sought to be enjoined. Edward Hines Yellow Pine Trustees v. Knox, 144 Miss. 560, 108 So. 907 (1926). In Knox plaintiffs sought to enjoin defendants from prosecuting an appeal from the assessment of complainants’ land. Denying the injunction, the court held that jurisdiction of equity to restrain proceedings at law “may be invoked only where there exists some equitable grounds for such relief, and the remedy of the defendant in the suit at law is not plain, adequate, and complete.” Complainants were seeking to enjoin the circuit court from exercising a special statutory jurisdiction. Since the remedy sought was defensive merely and equally available in a suit at law, the injunction could not be obtained. 144 Miss. at 570, 108 So. at 910. See 28 Am.Jur., Injunctions § 204 (1959).
In Ex parte Wimberly, 57 Miss. 437 (1879), a court of equity was held to have no jurisdiction to enjoin the prosecution before a special justice of the peace court of a case of contested election. The injunction was improvidently granted. The court said:
(F)or while it is true that most actions at law may be enjoined, there are large classes of them as to which no state of facts will justify the interposition of a court of equity. It is well settled that criminal prosecutions, whether by indictments or information, actions of mandamus, and writs of prohibition, can, under no circumstances, be enjoined by a court of chancery. 2 Story Eq.Jur. § 893. (57 Miss. at 448).
Wimberly was followed in Barnes v. McLeod, 165 Miss. 437, 140 So. 740 (1932), which affirmed a decree sustaining a demurrer to a bill and dissolving a temporary injunction against county election commissioners from placing the Democratic nomi *251 nee for county office on official ballots for a general election.
Humphreys County v. Cashin, 136 Miss. 476, 101 So. 571 (1924), held that the chancery court had power to restrain by injunction the prosecution of mandamus proceedings prior to rendition of judgment, in order to prevent a multiplicity of actions. Although the latter part of the opinion indicates a general equity power to enjoin a mandamus suit, it nevertheless restricted the same to a case involving special equities and an inadequate remedy at law. Griffith confines the Cashin case to a situation “where the law court for want of necessary parties, or for other sufficient reasons cannot fully determine the controversy.” Griffith, Mississippi Chancery Practice, § 438 n. 21a (2d ed. 1950).
In the instant case, and under Code Section 2782 Council had the right to contest the issue of public necessity for the eminent domain proceeding by filing a petition for writ of prohibition. The effect of the temporary injunction without notice, and a permanent injunction if issued, would be to deny him that statutory right. The temporary injunction raised only defensive issues, for which the circuit court in the prohibition suit could grant a full, adequate and speedy remedy. Section 2782 makes a prohibition proceeding a preference case and requires the circuit judge to “dispose of said petition at the earliest possible opportunity, in term time or vacation *
There may be a rare case involving fraud or unconscionable conduct, not remediable in the prohibition proceeding, which might justify an injunction restraining a party from bringing a petition for a writ of prohibition, but ordinarily and in accordance with the general rule, a court of equity should not grant an injunction to stay proceedings by writ of prohibition under Code Section 2782, where petitioner seeks to raise the question of public necessity with reference to an eminent domain proceedings. The bill of complaint here did not charge circumstances which would warrant that extraordinary type of relief. Council had the right to contest the eminent domain suit by way of the statutory prohibition method.
Affirmed.
JONES, PATTERSON, INZER and ROBERTSON, JJ., concur.