M. C. CALL, Executrix of I. S. CALL, v. TOWN OF WILKESBORO.

*Eminent Domain—Condemnation of Lands for Streets—Laying out Street—Necessity for—Power of Town—Authority Conferred by Legislature.*

1. Where an act of the General Assembly expressly authorizes the laying out a certain street across certain lands, the owner of the land cannot be heard to complain that the street is not necessary for public purposes.

2. Whether a particular use for land is public or not, within the meaning of the Constitution, is a question for the judiciary, and whether a public highway, which is for public use, is a necessity or not, is a question for the legislative department to determine.

3. An act authorizing the laying out of a certain street is not affected by a prior judgment of the Superior Court that such street is not a public necessity.

4. By section 2, Act of 1893, the General Assembly provided that a certain street, directed by section 1 of said act to be laid out in the town of Wilkesboro, should be located under the law providing for the location of streets and rights-of-way as provided in the charter of said town: *Held,* that this was not intended to restrict the town to the powers existing under its charter, but to regulate the procedure in ascertaining the most practical way of laying out the street.

This was a CIVIL ACTION, commenced on the __ day of April, 1893, heard upon a temporary restraining order issued by *Boykin, J.,* at chambers at Mocksville, N. C., upon the following facts agreed:

On the __ day of _____, 1891, the authorities of the town

115—22

of Wilkesboro, under the power granted in their charter, passed at the session of 1889, declared it a public necessity to open a street from the south end of the iron bridge across the Yadkin river down to Vine's saw-mill.

That on the -- day of ----, 1891, I. S. Call instituted a suit in the Superior Court of Wilkes County against the town of Wilkesboro to prevent the construction of said street, and obtained a temporary restraining order from Judge Armfield, commanding the defendant to proceed no further in the making of said road till the cause could be fully heard before his Honor J. F. Graves, at chambers at Mocksville, N. C., on the 3d day of November, 1891.

The restraining order was heard before Judge Hoke at Mocksville, N. C., holding the Courts of the 9th Judicial District by exchange with Judge J. F. Graves, and continued to the final hearing of the case.

At Spring Term, 1892, of Wilkes Superior Court, the cause coming on regularly for trial, the following judgment was rendered by Judge Armfield.

"This cause coming on to be heard before *Armfield, Judge,* upon the complaint filed, it is considered and adjudged by the Court that the restraining order heretofore granted is continued and made perpetual, and that a copy of this judgment be served on the mayor of the town of Wilkesboro, and that the plaintiff recover cost of the defendant, including all cost incurred in the restraining orders, to be taxed by the Clerk."

That at the session of the Legislature of 1893, the following act was passed, a copy of which is hereto attached :

"Section 1. That the Board of Town Commissioners of the town of Wilkesboro are hereby authorized to lay off, locate and establish a public street in the town of Wilkesboro not less than sixteen feet wide, commencing at the southeast approach of the iron bridge across the Yadkin river between Wilkesboro and North Wilkesboro; thence down the bank

of said river, the most practical way, to Garrett Vine's saw and lumber mills.

"Sec. 2. That said street shall be located under the law providing for the location of streets and rights-of-way, as provided in the charter of said town.

"Sec. 3. All laws and clauses of laws in conflict with this act are hereby repealed.

"Sec. 4. This act shall be in force from and after its ratification.

"Ratified this the 6th day of March, A. D., 1893."

That at a meeting of the Town Commissioners of Wilkesboro, held on the ____ day of March, 1893, it was directed that the street formerly ordered to be made from the iron bridge to Vine's saw-mill be located and worked out.

That on the ____ day of March, 1893, J. B. Buxton, attorney for the town of Wilkesboro, gave notice to W. W. Barber, attorney for I. S. Call, that he would move, before his Honor Judge Boykin, on the 28th day of March, 1893, to dissolve the judgment rendered by Judge Armfield at March Term, 1892, of Wilkes Superior Court. Nothing, however, was done on the 28th day of March, 1893.

That on the ____ day of March, 1893, in pursuance of the former orders of the Board of Commissioners of the town of Wilkesboro, an entry was made on the lands of I. S. Call by the authorities of the town of Wilkesboro, and a street was located and staked off over the lands of I. S. Call from the iron bridge to the Trap Hill road.

Sections 40, 41, &c., of chapter 240, Acts of 1889, granting a charter to the town of Wilkesboro, with power to locate streets, are made a part of this case.

I. S. Call started suit against the town of Wilkesboro and obtained a temporary restraining order, which is made a part of this case.

*Answer of Town Commissioners.*

" 1. That they, the said Commissioners of said town of Wilkesboro, located the public street described in plaintiff's application for a restraining order, but they deny that in so doing they ignored, disregarded or violated the judgment, order or decree of any Court, but they say that said street was located in pursuance of the authority of an act of the General Assembly of North Carolina, ratified March, 6, 1893, authorizing and empowering them to locate and establish said public street. The said act of the General Assembly was enacted since the rendition of the judgment in the case referred to in the plaintiff's affidavit in the cause, and that they are advised and believe that said judgment has lost its binding force and validity by reason of the said act of the General Assembly, ratified March 6, 1893, and that they have the right, and it becomes their duty, to locate and establish said public street under the provision of said act of the General Assembly, and they plead said act as a full and complete defence to plaintiff's action and in bar of plaintiff's right of recovery. A certified copy of said act is hereto annexed and asked to be made a part of defendants' answer.

2. Defendants, further answering, say that, in their judgment, the locating and establishing said street is a public necessity, and that the same is a much needed improvement, highway and thoroughfare in the town of Wilkesboro.

That said street, as laid out, begins at the southeast approach of the bridge across the Yadkin river at Wilkesboro, and runs thence east down the Yadkin river, passing at a point one-eighth of a mile from said bridge large and extensive steam saw and planing mills, to and from which a large amount of travel, teaming and hauling is done by the citizens of Wilkes County, and by the public generally. That a large portion of said travel, teaming and hauling comes from the north side of the Yadkin river and over said bridge, and as the street is now located, it is necessary, after crossing

said bridge, to travel by a circuitous route, more than half a mile, in going to or from said steam saw-mill. That said present street is over and across two steep hills, and a portion thereof is over a low and wet piece of ground which, at certain seasons of the year, is very muddy and heavy, and well-nigh impassable for loaded teams, and that great inconvenience, damage and loss of time and trouble is caused to the public traveling over said road.

And the Commissioners expressly deny that the location of said street was for any other than the public's good requirements, and was, in their opinion, a much needed public improvement.

The defendants, having fully answered, pray judgment of the Court vacating and dissolving the restraining order in this case."

J. C. Hubbard and D. E. Smoak, being duly sworn, depose and say that " they are well acquainted with the territory over which the Commissioners of Wilkesboro have located the street, the subject-matter of this action. That said street commences at the south end of the bridge across the Yadkin river, in Wilkesboro, and running east down said river connects with another road or street, leading from Wilkesboro to North Wilkesboro by way of a ford across the Yadkin river. That on the route of said proposed street, about one-eighth mile below the bridge, are large and extensive steam saw and planing mills, to and from which there is much travel, teaming and hauling by the people of Wilkes County, and by the public generally. That as the road is now constructed, it is more than a half mile from said bridge to said saw-mills and leading across two hills and over a place which in wet weather is almost impassable for loaded teams. That if said proposed street is constructed, it will be a great accommodation to the patrons of said mills, and to the public generally."

The plaintiff contends that the Act of 1893 gives the

authorities of the town of Wilkesboro no more power than they already had by the Act of 1889, and as the restraining order was made perpetual by Judge Armfield, not on the ground of want of power in the town authorities to act, but because it was not a public necessity, and the same state of facts existing now as then, that the Act of 1893 cannot nullify a judgment of the Superior Court.

The defendant contends that the act fully empowers the authorities of the town of Wilkesboro, N. C., to locate and lay off this street, regardless of the judgment rendered at March Term, 1892, of Wilkes Superior Court.

The restraining order was dismissed, and plaintiff appealed.

*Mr. W. W. Barber*, for plaintiff (appellant).
*Messrs. Watson & Buxton*, for defendant.

SHEPHERD, C. J.: On the 6th of March, 1893, the General Assembly passed the following act:

"Section 1. That the Board of Town Commissioners of the town of Wilkesboro are hereby authorized to lay off, locate and establish a public street in the town of Wilkesboro not less than sixteen feet wide, commencing at the southeast approach of the iron bridge across the Yadkin river between Wilkesboro and North Wilkesboro, thence down the bank of said river, the most practical way, to Garrett Vine's saw and lumber mills.

"Section 2. That said street shall be located under the law providing for the location of streets and rights-of-way, as provided in the charter of said town.

"Section 3. All laws and clauses of laws in conflict with this act are hereby repealed.

"Section 4. This act shall be in force from and after its ratification."

The first section of the above act expressly authorizes the laying off the street which is the subject of this controversy,

CALL *v.* TOWN OF WILKESBORO.

and it is not open to the plaintiff to say that the said street is not necessary for public purposes. The Constitution provides that private property shall not be taken except for public use, and it is well settled " that whether a particular use is public or not, within the meaning of the Constitution, is a question for the Judiciary." Lewis on Em. Domain, 185 ; Mills on Em. Domain, 10, 11. It cannot be doubted that a public highway like the one under consideration is a public use ; and this being determined, the question as to its necessity or expediency, is a matter which rests entirely with the legislative department. Lewis, *supra,* 238 ; Mills, *supra,* 10, 11.

According to these principles the plaintiff is, as we have said, precluded from denying the necessity for the street, and the fact that previous to the passage of the act of Assembly the Superior Court had adjudged that no such necessity existed, cannot defeat the express grant of authority by the Legislature. The act (section 1) in its terms substantially locates the street, and there is nothing in the plaintiff's contention that section 2 has the effect of so qualifying the provisions of section 1 as to restrict the town authorities to the same powers only that existed under the charter of 1889. The act explicitly grants the authority to lay off the street, and section 2 was intended simply to regulate the procedure as to ascertain " the most practical way " and other incidents attending the exercise of the right of the power of eminent domain. The judgment of the Court below is affirmed.

Judgment Affirmed.