GEORGE S. EDGELL ET AL. *v.* FABIUS M. CLARKE.

EQUITY. *Injunction. Attachment suit. Cloud on title.*

Mere apprehension that an attachment suit between strangers may cloud the title to the land levied upon will not give the owner a right to enjoin the action. He will not be entitled to equitable relief until the danger has become immediate and impending, as where judgment ordering a sale has been rendered.

FROM the chancery court, first district, Coahoma county.

HON. A. H. LONGINO, Chancellor.

The appellants, George S. Edgell and others, were the complainants in the court below, the appellee, Fabius M. Clarke, was defendant in said court. The facts are stated in the opinion of the court.

*Miller, Smith & Hirsh,* for appellants.

Mr. Pomeroy, in his work on Equity Jurisprudence, sec. 1398, states what is the accepted doctrine of courts of equity in this day and time in regard to the jurisdiction invoked by appellants: "The jurisdiction of courts of equity to remove clouds from title is well settled, the relief being granted on the principle *quia timet*—that is, that the deed, or other instruments or proceedings constituting the cloud, may be used to injuriously or vexatiously embarrass or affect the plaintiff's title."

In the case of *Carlisle* v. *Tindall,* 49 Miss., 233, the supreme court of this state adopts the doctrine laid down by Mr. Pomeroy, and uses this language: "The enlarged jurisdiction conferred by the statute (code of 1871, § 975), upon the chancery court, at the suit of the real owner, to remove the cloud, doubt, or suspicion caused by the deed or other evidence of title upon the true title, must be considered in the

light and by the aid of the doctrine of a court of equity as applied to such *quia timet* bills.''

The court will notice that there is but slight difference between § 975 of the code of 1871 and § 500 of annotated code of 1892.

The case of *Hall* v. *Winston*, 5 Allen's Mass. Rep., we think, has an important bearing upon the case now under consideration. In that case, as here, the objection was urged that the complainant had a plain and adequate remedy at law, the complainant being the assignee of an insolvent debtor, who was the owner of a reversion of real estate. The answer to the objection is that the estate of the insolvent being a reversion, no action at law can be brought to try the title. The levy of the defendant is a cloud upon the title which may seriously impair the value of the estate which it is the plaintiff's duty to sell, and he is entitled to the aid of the court to remove it. So in this case, it is the duty of Mr. Edgell to sell this property at the very first opportunity he can find which will enable him to realize a fair value of the same, in order to administer the trust; but with this levy of an attachment on the property it would be impossible for him to sell it. Therefore he is entitled to the aid of this court to remove the cloud from the title and thereby enable him to sell the property at the earliest possible moment.

In the case of *O'Hare* v. *Downing*, 130 Mass., 16, it was held that a court of chancery will restrain by injunction a threatened levy of execution on real estate which is not legally subject to such a levy, and thus prevent a cloud upon the title, without compelling the owners of the land to wait until the levy has been completed and then submit to be disseized in order to maintain a writ of entry.

In the case of *Irvin et al.* v. *Lewis*, 50 Miss., 363, it was contended that a court of chancery had no jurisdiction by its restraining process to prevent the sale of property under execution, the remedy at law being adequate; in other words, the

complainants must wait until an actual sale took place, because, *non constat* that the plaintiff in execution would carry out his levy and make sale.

In the case of *Pettit* v. *Shephard*, 5 Paige's Chancery Reports, 501, the court held "that a court of chancery could interpose by injunction and prevent the giving of a conveyance under the pretense of right, which would operate as a cloud upon the title of the real estate." In the notes to this case, in the Co-operative Edition of the New York Chancery Reports, 3 vol., top page, 492, will be found the following language: "In modern times courts of equity have administered relief and arrested the commission of anticipated injuries by a bill *quia timet*. The application by bill *quia timet* is addressed to the sound discretion of the court under the circumstances of the particular case, and relief will be ordinarily afforded when injuries may be reasonably apprehended." Citing *Watson* v. *Wigginton*, 28 W. Va., 533; *Scot* v. *Onderdonk*, 14 N. Y., 9; *Guy* v. *Hermance*, 5 Cal., 73; *Dean* v. *Madison*, 9 Wis., 402; *Lewen* v. *Stone*, 3 Ala., 485; *Commercial Ins. Co.* v. *McLoon*, 14 Allen, 351.

In subheading in this same note, of "Suit to prevent cloud being cast on title," the following language is used: "A court of chancery has jurisdiction to set aside the conveyance which is a cloud upon the complainant's title, and may, also, interpose to prevent the giving of a conveyance, under pretense of right, which would operate to embarrass the title to real estate.· It may, in a proper case, interpose to prevent an illegal act from which such cloud must necessarily arise," citing *Brooklyn* v. *Meserole*, 26 Wendell, 138; *Oakley* v. *Williamsburg*, 6 Paige, 262; *Hare* v. *Carnell*, 39 Ark., 196; *Ottowa* v. *Walker*, 21 Ill., 625; *Thomas* v. *Sain*, 35 Mich., 155.

In the same note, under the head of "Remedy by Injunction," this is laid down: "A sale of lands under execution which would confer no title, and whose only effect would be to cloud the title of others, will be enjoined. The court will

enjoin the casting of a cloud upon the title in cases where the cloud itself, if cast, would be removed." *Huntington* v. *Cen. Pac. R. R. Co.*, 2 Saw., 514; *Palmer* v. *Boling*, 8 Cal., 388; *Fremont* v. *Boling*, 4 Cal., 380; *Pixley* v. *Huggins*, 15 Cal., 127; *Hibernia L. & L. Soc.* v. *Ordway*, 38 Cal., 681.

On the same principle, in the case of *N. O., M. & C. R. R. Co.* v. *Frederick*, 46 Miss., 11, our supreme court enjoined the condemnation proceedings where the widow only, and not the heirs, were served with notice and made parties to the proceedings.

*Watson & Fitzhugh*, for appellees.

The complainant, Hammel, most signally fails to make out a case where injunction is the proper remedy either to prevent or remove a cloud from his title. How can it be even plausibly contended that the levy of an attachment, sued out by Clarke against Edgell, upon lands to which Hammel holds a perfect record title, could create a cloud upon this title? 1 High on Injunction, sec. 375.

"The general proposition is unquestionable, that equity will not interfere to prevent a cloud upon title when the invalidity or illegality relied upon appears of record, and so cannot deceive or mislead." *Ib.*, sec. 376.

An injunction against the sale of lands will be refused where it appears from the petition that the plaintiff is in possession of the land, claiming as owner; that his legal title is of record; that his title is superior to any that can be acquired by a purchaser at a sale, and that plaintiff has an adequate remedy at law against any claims that can be asserted by any such purchaser. 2 Beach on Injunctions, sec. 999; *Ib.*, sec. 1002.

The allegation of irreparable injury to the complainants in the event that the lands mentioned are not relieved of this attachment, is conspicuous by its absence, it being nowhere stated that the complainants, or any of them, will be irrepa-

rably injured, or injured at all, by the prosecution of this attachment suit.

Terral, J., delivered the opinion of the court.

F. M. Clarke brought suit by attachment to the March term, 1897, of the circuit court of Coahoma county, against George S. Edgell, surviving partner of the Corbin Banking Company, for $10,000. The writ of attachment was levied upon certain lands in Coahoma and Bolivar counties, whereupon said Edgell, with George A. Hammel, who is alleged to be vested with the legal title to the lands levied on by the attachment writ, and the widow and heirs of Austin Corbin, the deceased member of said Corbin Banking Company, enjoined said suit at law and seek to litigate the matter in controversy in the chancery court of said Coahoma county. The bill alleges that the legal title to the lands levied on is in George A. Hammel, in trust, to sell the same, and out of the proceeds first to pay the American Freehold Land Mortgage Company, Limited, which is also made a party defendant to the bill of complaint, certain sums of money due it, and then to pay the surplus to the Corbin Banking Company, and the injunction is laid on the ground that the levy of the attachment casts a cloud upon the title of complainants, or will do so should said suit be prosecuted to judgment and said lands should be sold under a *venditioni exponas* issued thereon. The chancery court dissolved the injunction and hence this appeal.

We think the decree of the chancery court should be approved. That the court of chancery may remove clouds from title, and, as incident to such power, may prevent the formation of clouds upon title, is a recognized ground of equity jurisdiction; but the court should not interfere, especially by way of enjoining an action at law, until there is imminent danger of a cloud being cast upon the title by some impending wrongful result of said action.

It may be the case will not proceed to judgment, or, if it

does, that the judgment may be paid, and, at any rate, it will be time enough to enjoin the sale after the judgment is rendered and a sale inevitable, should it appear that the sale would cast a cloud upon the complainant's title.  *Sanders* v. *Village of Yonkers*, 63 N. Y., 492; 3 Pom. Eq., sec. 1398, note 4; *Irwin* v. *Lewis*, 50 Miss., 363.

*The decree of the chancery court is affirmed.*