Mississippi Power Co. *v.* Ballard *et al.*

(Division B.   March 27, 1933.)

[146 So. 874.   No. 30527.]

632

Wilbourn, Miller & Wilbourn, of Meridian, Ford & Mc-
Gehee and Rawls & Hathorn, all of Columbia, and Eaton
& Eaton, of Gulfport, for appellant.

634

Henry Mounger, Goss & Goss, and Hall & Hall, all of Columbia, and **B. O. Mounger,** of Tylertown, for appellees.

Argued orally by **R. E. Wilbourn**, for appellant, and **Lee D. Hall**, for appellee.

**Griffith, J.,** delivered the opinion of the court.

Five separate suits were instituted in the circuit court of Marion county by five parties, wholly separate in title and ownership, against the appellant, in which it was alleged that appellant had erected a high-power electric transformer station in a residential district of the city of Columbia in immediate or practically immediate proximity to each of the said five owners; and each of the plaintiffs sought the recovery of damages to their respective properties, declared as resulting from the noise, the vibration, and shaking of the foundations of appellees' houses, and the explosions of "large balls of fire" in said station, particularly in times of storms or bad weather. The power company thereupon brought its bill to enjoin this alleged multiplicity of suits and sought to have the whole matter litigated in one case in the chancery court. Appellees demurred to the bill, which demurrer was sustained, and the case has been brought here.

It is admitted that there is a community of interest between all the parties in the questions of law and of fact; but in the Tribette case, 70 Miss. 188, 12 So. 32, 19 L. R. A. 660, 35 Am. St. Rep. 642, it was held that this is not sufficient but that there must be some recognized ground of equitable interference or some community of interest in the subject-matter of the controversy, or a common right or title involved to warrant the joinder in one suit,

or there must be some common purpose in the pursuit of a common adversary where each may resort to equity in order to be joined in one suit.

Appellant replies, however, that this injury, if injury, will be continuous night and day, and that the rule relied on by appellees has no application to alleged continuous injuries—that appellant expects to continue the electric transformer station as it now is.

An author on the practice in the chancery courts in this state has stated that where the injury is not past and complete as was the Tribette case, and that where there are continuous injuries, the rule taken from the Tribette case is modified as follows: "But it is nevertheless the rule that if the acts or conditions which are subject-matter of the several actions at law are continuous or recurring and the plaintiffs continue to bring successive actions equity has jurisdiction to enjoin the multiplicity of continuing actions particularly if they be vexatious." Griffith, Chancery Practice, section 439. This text is sustained by a number of our cases, and is the present established rule in this court. It is not alleged that the plaintiffs have brought successive actions. It is admitted that but one action in behalf of each of the separate parties has been brought, and no threats are alleged of future actions. In fact, the plaintiffs, appellees, assert in their briefs that each must recover all the damages in his present suit to which he shall be entitled, past, present, and prospective; and while we think appellees are correct in this and that any future suit by them could be met by the plea of res adjudicata, we do not expressly pass on this question here, but confine our decision to the points of equity jurisdiction above quoted. We do not believe it to be sound in principle or ultimately advantageous in practical judicial administration to extend the jurisdiction of equity in regard to the prevention of a multiplicity

of suits further than as hereinabove stated; and hence the decree of the chancellor is affirmed.

Affirmed, and bill dismissed.