DANTZLER v. MISSISSIPPI STATE HIGHWAY COMMISSION.

(Division A. Jan. 15, 1940. Suggestion of Error Overruled Feb. 12, 1940.)

[193 So. 4. No. 33938.]

(Division A.   Feb. 12, 1940.)

[193 So. 624.   No. 33938.]

For former opinion, see 193 So. 4.

**E. R. Holmes, Jr.,** Assistant Attorney-General, for the appellee on motion to dismiss.

**Gardner & Backstrom,** of Gulfport, for appellant.

724

**Gardner & Backstrom**, of Gulfport, for appellant on Suggestion of Error.

**Anderson, J.,** delivered the opinion of the court.

The appellant, the State Highway Commission, filed its application in the County Court of Harrison County for the condemnation of certain land belonging to appellant Dantzler for the construction of a public highway known as Beach Development, Section B, U. S. Highway No. 90. Appellant thereupon made application under Section 1510 of the Code of 1930 to the circuit court for a writ of prohibition restraining the county court and the Highway Commission from further proceeding in the prosecution of said condemnation proceeding. The Highway Commission ap-

peared and demurred to the petition; the demurrer was sustained; and the petition dismissed, from which judgment this appeal is prosecuted. Section 1510 is in this language: ''The legal remedy by way of prohibition is made applicable for the purposes of testing the questions (1) whether the applicant seeking to exercise the right of eminent domain is, in character, such a corporation, association, district or other legal entity as is entitled to the right, and/or (2) whether there is a public necessity for the taking of the particular property or a part thereof which it is proposed to condemn. All the provisions in the chapter on Quo Warranto, so far as may be, shall apply to the procedure under this section; and the petition for the writ may be filed by any defendant in the condemnation proceedings, and the hearing shall be in vacation when the public interest is such as to require an expeditious trial. Upon the filing of a petition under this section the circuit judge shall issue a temporary order staying the hearing in the court of eminent domain until the cause can be tried under this section by the circuit judge, and if on the hearing last aforesaid the petition be sustained a permanent writ of prohibition shall issue. An appeal may be taken to the Supreme Court as in other cases, but if the judgment of the circuit judge be to deny the petition, the appeal aforesaid shall not operate as a supersedeas, and the court of eminent domain may nevertheless proceed.''

This statute is the exclusive authority for a writ of prohibition restraining a condemnation proceeding, except in cases of a want of jurisdiction in the eminent domain court. Barnes v. McLeod, 165 Miss. 437, 140 So. 740; Crittenden v. Town of Booneville, 92 Miss. 277, 45 So. 723, 131 Am. St. Rep. 518. That jurisdiction is unquestioned in this case.

Pending the appeal to this Court, the eminent domain court (the county court) proceeded to a final judgment condemning the right-of-way sought, and in addition, the Highway Commission constructed the highway there-

on, which is now used by the traveling public. These facts are brought to the attention of this Court by proof, which is unquestioned, by the appellant. Along with such proof, the Highway Commission made a motion to dismiss the appeal upon the ground that the questions involved are moot.

Under the statute, if the petition is sustained, a permanent writ of prohibition issues, and an appeal may be taken to the Supreme Court as in other cases, "but if the judgment of the circuit judge be to deny the petition, the appeal aforesaid shall not operate as a supersedeas, and the court of eminent domain may nevertheless proceed." In other words, the landowner's petition for a writ of prohibition, which has been denied by the circuit judge, avails him nothing on appeal unless the Supreme Court reverses the judgment appealed from before final judgment in the eminent domain court. In such a case, if the landowner has a remedy, it is elsewhere—not by prohibition. In providing the remedy of prohibition, the statute guards in the public interest, as near as practicable, against delay in condemnation proceedings.

The motion to dismiss appeal sustained.

### On Suggestion of Error.

**Griffith, J.,** delivered the opinion of the court on Suggestion of Error.

Prior to the enactment of Section 1510, Code 1930, there was no way to raise and to test the questions covered by that section, except by injunction. See Vinegar Bend Lumber Co. v. Oak Grove, etc., R. Co., 89 Miss. 84, 43 So. 292. A resort to injunctive process is generally expensive and often dangerous, so that the small landowner, poor and without friends save those also poor in property, was sometimes entirely barred for want of the ability to give an injunction bond. The new statute, evidently, was designed to furnish a remedy, such as it is, within the reach of every man,—every property owner although he may own only an acre; but, as the closing

sentence of that statute discloses, it had no purpose that, if the circuit court or the circuit judge in vacation decided the application thereunder against the condemnee, he could delay the public work by an appeal with supersedeas.

But the enactment of the new statute did not at all displace the previously-existing remedy and right of. resort to equity by way of injunction. The rule is that where jurisdiction in equity has been established, a new statute giving jurisdiction at law upon the same matter does not oust the original equity jurisdiction unless the statute plainly and affirmatively so declares and unless, moreover, the new legal remedy is as complete, as full, and as efficient in all respects as was formerly available in equity. See cases cited 21 C. J., pp. 45, et seq.

Appellant did not resort to a bill for injunction, as he had a right to do, but availed of the new statute, and having done so he must take and abide that statute as he finds it. · He could plainly see from it that if his petition thereunder were denied in the circuit court, he could not then stop the progress of the condemnation proceeding by an appeal, and that if pending the appeal the condemnor proceeded in eminent domain and thereupon took possession, neither this court nor any other court could prohibit the doing of something already actually done. Had appellant not been willing to take this risk, plainly pointed out in the new statute, he should have resorted to equity and not to the new statute.

Suggestion of error overruled.