STOCKSTILL, et al. *v.* PEARL RIVER COUNTY, MISS.

No. 41142          May 4, 1959          111 So. 2d 413

*Tate Thigpen,* Picayune, for appellants.

*Morse & Morse,* Poplarville, for appellee.

HALL, J.

This is an appeal from a judgment in favor of the appellants in an alleged eminent domain proceeding brought by the appellee. Judgment was rendered in the amount of $50.00 in the eminent domain court presided over by a justice of the peace and on appeal to the circuit court judgment was rendered in the amount of $175.00, and the appellants bring the case to this Court assigning several alleged errors.

We think it is necessary to discuss only one of the errors assigned. The original defendants filed a special plea to the jurisdiction of the board of supervisors and the county, alleging that the order of the board of supervisors for the bringing of an eminent domain suit did not adjudicate the public interest and convenience for the suit.

The order is too long to quote in full and we simply say that nowhere in the order is there any adjudication whatsoever as to the public interest and convenience for the suit. It simply orders that the attorney for the board "be instructed and directed to file an eminent domain suit to obtain an easement over and across the above lands in the width of thirty feet for a road."

In the case of Ferguson v. Board of Supervisors of Wilkinson County, 149 Miss. 623, 631, 115 So. 779, the Court said: "We are of the opinion that the failure of the board to adjudicate, on its minutes, that the laying out and establishment of the public road through appellant's lands was required by the public interest or convenience was jurisdictional, and that therefore the order appealed from was void."

The appellee contends that the appellants were entitled to a writ of prohibition under Section 2782 of the Code of 1942. It is true that they could have maintained a suit for such a writ, but the statute does not make this the exclusive remedy and we thing that the appellants were entitled to raise the question of public interest and convenience just as they did raise it.

The appellee also contends that the question is now moot because the land has been appropriated and the road built, and they file a plea in bar supported by an affidavit to this effect. We think that the plea in bar with its attached affidavit merely goes to show that the appellee is a trespasser on appellants' land.

For the reasons stated the judgment of the lower court is reversed and the eminent domain suit dismissed.

Reversed and writ of eminent domain dismissed.

*Roberds, P. J.,* and *Arrington, Ethridge* and *Gillespie, JJ.,* concur.