MISSISSIPPI STATE HIGHWAY COMMISSION *v.* CHANNELL et al.

No. 41864         May 22, 1961         130 So. 2d 563

*Matthew Harper, Jr.,* Asst. Atty. Gen., Jackson, for appellant.

*Armstrong & Hoffman, Henley, Jones & Henley,* Hazlehurst, for appellees.

GILLESPIE, J.

The question is: When the landowner appeals to circuit court from the judgment of a special court of eminent domain, does the landowner have the right to have the circuit court dismiss the eminent domain proceedings on the ground that there is no public necessity for the taking of the land? We hold he does not.

The Commission filed its petition to condemn .33 acre of land for the relocation and reconstruction of U. S. Highway 55. The special court of eminent domain was organized and proceeded to try the issue of compensation as provided by statute. The verdict was for $115. Appellees, the landowners, appealed to the circuit court where they moved to dismiss the action on the ground that the said U. S. Highway 55 was not a part of the state highway system. They admitted that appellant, Mississippi State Highway Commission, has been given the right of eminent domain and that it was seeking to condemn appellees' land for public use, but denied it had such right because there was not a public necessity for the taking of appellees' land by reason of the fact that there was no showing that said highway was

a part of the state highway system. The court sustained the motion and dismissed the eminent domain proceedings. The Commission appealed to this Court.

In Vinegar Bend Lumber Company v. Oak Grove & Georgetown Railroad Company, 89 Miss. 84, 43 So. 292 (1906), the Court reviewed the eminent domain statutes and concluded that in such action the sole question to be determined by the special court of eminent domain was to fix compensation for the taking of the land; that no other issue could be raised or determined; and that the circuit court on appeal could not permit issues to be raised and tried which could not have been tried in the court in which the case originated. The opinion in that case cited Sec. 1862, Code of 1906, which, in part, provided that in an eminent domain proceeding "the justice of the peace shall not for any cause quash the proceedings or dismiss the court of eminent domain, but must proceed with the condemnation". The quoted provision of the statute has never been changed and is now contained in Sec. 2757, Code of 1942. The Court further stated that the question whether the taking was for a public use could only be determined in the chancery court by injunction. That decision was before the enactment of what is now Sec. 2782, Miss. Code of 1942.

Since the decision in the Vinegar Bend case, there has been only one significant change in the statutes affecting the question under consideration. Sec. 2782, Miss. Code of 1942, first appeared as Sec. 1510, Code of 1930. That statute is as follows: "The legal remedy by way of prohibition is made applicable for the purpose of testing the questions (1) whether the applicant seeking to exercise the right of eminent domain is, in character, such a corporation, association, district or other legal entity as is entitled to the right, and/or (2) whether there is a public necessity for the taking of the particular property or a part thereof which it is proposed to condemn. All the provisions in the chapter on Quo War-

ranto, so far as may be, shall apply to the procedure under this section; and the petition for the writ may be filed by any defendant in the condemnation proceedings, and the hearing shall be in vacation when the public interest is such as to require an expeditious trial. Upon the filing of a petition under this section the circuit judge shall issue a temporary order staying the hearing in the court of eminent domain until the cause can be tried under this section by the circuit judge, and if on the hearing last aforesaid the petition be sustained a permanent writ of prohibition shall issue. An appeal may be taken to the Supreme Court as in other cases, but if the judgment of the circuit judge be to deny the petition, the appeal aforesaid shall not operate as a supersedeas, and the court of eminent domain may nevertheless proceed.''

In Erwin v. Miss. State Highway Commission, 213 Miss. 885, 58 So. 2d 52, the Vinegar Bend case was cited as authority for the proposition that the eminent domain court can consider only the compensation which should be paid for the land. In the Erwin case the Court said: ''We think that Code Sec. 2782 establishes the exclusive remedy and tribunal for determining the question of public necessity, in the absence of fraud or a manifest abuse of discretion * * *,'' as outlined in Ham v. Board of Levee Commissioners, 83 Miss. 534, 35 So. 943, and City of Greenwood v. Gwin, 153 Miss. 517, 121 So. 160. It is noted that no fraud or abuse of discretion is involved in the case at bar.

The only change wrought by Code Sec. 2782 was to change the remedy from injunction to writ of prohibition and the tribunal from the chancery court to the circuit court. Nowhere has there been any statute giving the special court of eminent domain any power to hear or determine any question save that of compensation and that court is still enjoined by statute from dismissing the proceedings. Nor has there been added to the cir-

cuit court any authority to determine any question other than the amount of compensation in a case appealed from the special court of eminent domain. Appellees state that Sec. 2766, concerning appeals to the circuit court from the special court of eminent domain, provides that the circuit court shall hear the case de novo and shall try and dispose of it as other issues "and * * * enter all proper judgment". This same provision was contained in Sec. 1871 of the Code of 1906, in effect at the time of the decision in the Vinegar Bend case.

Nor do we think that Miss. State Highway Commission v. West, 181 Miss. 206, 179 So. 279, is authority for the enlargement of the issues to be determined by the circuit court. The circuit court, on appeal from the special court of eminent domain, has some additional authority not vested in the special court of eminent domain in connection with instructing the jury, for instance; certain questions as to who is entitled to damages. But the scope of the inquiry does not extend beyond the amount of compensation and the parties entitled thereto.

In Stockstill v. Pearl River County, 236 Miss. 619, 111 So. 2d 413, the Court held that the writ of prohibition under Sec. 2782, Code of 1942, is not the exclusive remedy for testing the question of public necessity and that the defendant is entitled to raise the question of public necessity by special plea and thereby obtain a dismissal of the eminent domain procedings. In the Stockstill case the Court relied on Ferguson v. Board of Supervisors, 149 Miss. 623, 115 So. 779, but the Ferguson case was improperly applied in the Stockstill case because the Ferguson case involved a direct appeal by Ferguson from the order of the Board of Supervisors establishing a public road and condemning a right of way through Ferguson's land. The Ferguson case was not a proceeding filed in a special court of eminent domain. We hold

that the Stockstill case was incorrectly decided and is in conflict with Vinegar Bend Lumber Co. v. Oak Grove & Georgetown Railroad Co., 89 Miss. 84, 43 So. 292 and Erwin v. Miss. State Highway Commission, 213 Miss. 885, 58 So. 2d 52. We therefore overrule Stockstill v. Pearl River County, supra, insofar as that case holds that the question of public necessity can be raised in the eminent domain proceedings.

We hold that the circuit court in the case at bar was in error in entertaining the motion to dismiss the eminent domain proceedings because of the alleged lack of public necessity for the taking of appellees' land. This case is therefore reversed and remanded for the assessment of damages.

Reversed and remanded.

All justices concur except *McElroy, J.,* who took no part.