INZER, Justice:
This is an eminent domain case. A trial was had in a special court of eminent domain and the jury awarded damages. Appellants, who are landowners, appealed to the circuit court wherein they filed an answer incorporating therein the affirmative defenses: (1) that the circuit court lacked jurisdiction to proceed, and (2) that the special court of eminent domain was without jurisdiction to proceed. Appellants based their plea upon the contention that the Board of Supervisors of Lawrence County failed to comply with the provisions of Mississippi Code 1942 Annotated, section 8314 (1956) regarding the altering or changing of public roads. The court overruled a motion to hear the affirmative matter in avoidance. We hold that such a plea was improper and affirm the action of the circuit court.
Our examination of the application and exhibits attached thereto reveals that they are sufficient to invoke the jurisdiction of the special court of eminent domain. It complies with Mississippi Code 1942 Annotated, section 2751 (1956) in that it names the persons having interest in the land, the legal right of condemnor to bring the action and a legal description of the land sought. Horne v. Pearl River Valley Water Supply District, 249 Miss. 358, 162 So.2d 504 (1964).
Appellants urged that this action of the trial court was error and in support of their position rely upon Board of Supervisors, etc. v. Blissitt, 200 Miss. 645, 27 So.2d 678 (1946); Ferguson v. Board of Supervisors, 149 Miss. 623, 115 So. 779 (1928); Aden v. Board of Supervisors, 142 Miss. 696, 107 So. 753 (1926); and Craft v. DeSoto County, 79 Miss. 618, 31 So. 204 (1902). Our examination of these cases reveals that they are not in point on the issue here for the reason that they involved direct appeals from an order of the Board of Supervisors altering or changing a public road and did not involve condemnation proceedings through a spe *50 cial court of eminent domain. These cases do very clearly reflect that if there were any defects in the procedure of the Board, relative to the changing or altering of the road in question, one of the remedies open to the appellants was an appeal from the order of the Board of Supervisors.
Appellants also cite and rely upon Mississippi State Highway Commission v. West, 181 Miss. 206, 179 So. 279 (1938), as authority for filing an answer and incorporating therein an affirmative. defense. They recognized that the special court of eminent domain was prohibited by statute from doing anything but trying the issue relative to the amount of damages to be awarded, but urge that upon appeal to the circuit court the circuit court was required to inquire into the question of whether the Board of Supervisors had followed the procedural requirements of Section 8314. It is their contention that they could raise the jurisdictional question at this stage of the proceeding and in support thereof cite Mississippi State Highway Department v. Haines, 162 Miss. 216, 139 So. 168 (1932). Haines involved the question of whether the county court could try an eminent domain case in vacation under the statute then existing. This Court held that the county court was without authority under the statute then in effect to try any case in vacation and that the jurisdiction could be questioned on appeal to the circuit court for the first time. However, in the case before us the jurisdiction of the eminent domain court was properly invoked and there is no contention that the procedure followed therein was not in compliance with the statutes. As we construe appellants’ contention, it is that the circuit court should have heard their plea and inquired into the procedure followed before the Board of Supervisors prior to the time the jurisdiction of the eminent domain court was invoked. This contention of appellants was settled by this Court in the case of Mississippi State Highway Commission v. Channell, 241 Miss. 290, 130 So.2d 563 (1961). In Channell after discussing the provisions of Mississippi Code 1942 Annotated, section 2766 (1956) relative to appeals of the special court of eminent domain in the circuit court, we noted that this section was construed in Vinegar Bend Lumber Co. v. Oak Grove and Georgetown R.R., 89 Miss. 84, 43 So. 292 (1907), wherein it was held that the circuit court on appeal could not permit issues to be raised and tried that were not tried in the special court of eminent domain and that the sole question to be determined there was the compensation. We then said:
Nor do we think that Miss. State Highway Commission v. West, 181 Miss. 206, 179 So. 279, is authority for the enlargement of the issues to be determined by the circuit court. The circuit court, on appeal from the special court of eminent domain, has some additional authority not vested in the special court of eminent domain in connection with instructing the jury, for instance; certain questions as to who is entitled to damages. But the scope of the inquiry does not extend beyond the amount of compensation and the parties entitled thereto. 241 Miss. at 295, 130 So.2d at 564, 565.
We hold that the action of the circuit court in refusing to hear the affirmative plea was correct and that this case should be affirmed.
Affirmed.
ETHRIDGE, C. J., and RODGERS, JONES and BRADY, JJ., concur.