PATTERSON, Justice:
This is an appeal by Wejac Utilities, Inc. from a judgment of the Circuit Court of Jackson County. The judgment sustained a motion of the appellee landowner to strike the appellant’s answer to a writ of prohibition challenging the public need for land sought to be acquired by eminent domain proceedings. The landowner, appellee, contends that the eminent domain proceedings instituted by Wejac Utilities, Inc., who held a certificate of public convenience and necessity for the operation of a sewage system on adjacent land, seeks land not necessary to the public use. The basis of the motion to strike the answer of the appellant was that the Public Service Commission was the proper forum to determine whether the specified lands were being condemned for a public use. The court’s order sustaining this motion was without prejudice to the appellant to institute proceedings before the Mississippi Public Service Commission for its determination.
The issue before this Court is whether the Circuit Court of Jackson County had jurisdiction to try the question of public use on a writ of prohibition or whether that issue should be tried before the commission. It is the opinion of the Court that all issues presented by this appeal are controlled by Mississippi Code 1942 Annotated section 2782 (1956), which states in part as follows:
Writ of prohibition.
The legal remedy by way of prohibition is made applicable for the purposes of testing the questions (1) whether the applicant seeking to exercise the right of eminent domain is, in character, such a corporation, association, district or other legal entity as is entitled to the right, and/or (2) whether there is a public necessity for the taking of the particular property or a part thereof which it is proposed to condemn. . . . Upon the filing of a petition under this section the circuit judge shall issue a temporary order staying the hearing in the court of eminent domain until the cause can be tried under this section by the Circuit Judge, and if on the hearing last aforesaid the petition be sustained a perma *340 nent writ of prohibition shall issue. (Emphasis added.)
See Texas Gas Transmission Corporation v. Council, 199 So.2d 247 (Miss.1967), and Mississippi State Highway Commission v. Channell, 241 Miss. 290, 130 So.2d 563 (1961), wherein the above section was construed by this Court to provide the exclusive forum for determining whether there exists public necessity for the taking of the property proposed to be condemned.
The cause is reversed and remanded to the circuit court for trial upon the issue presented by the writ of prohibition.
Reversed and remanded.
RODGERS, P. J., and JONES, INZER and ROBERTSON, JJ., concur.