HAWKINS, Presiding Justice,
for the Court:
The appellants challenged the Town of Stonewall’s petition to add an additional use to land previously condemned by the town. The Special Court of Eminent Domain in Clarke County overruled the appellants’ motion to dismiss the town’s petition. We affirm.
FACTS
The appellants owned a 28.2-acre tract along the Chickasawhay River which the Town of Stonewall condemned to expand their sewage system. On March 3, 1984, the circuit court of Clarke County awarded the appellants $18,550 and condemned the 28.2 acres to the town.
On July 19, 1985, the town filed a petition in the Special Court of Eminent Domain in Clarke County to obtain the right to build a boat launching ramp on 2.5 acres of the previously condemned 28.2-acre tract. The appellants herein filed a Rule 12(b)(6) motion to dismiss the town’s petition asserting that the town had “no authority under the laws of the State of Mississippi to take private property through eminent domain proceedings for additional uses of recreational and other municipal purposes in the construction of a boat ramp.” The trial judge dismissed the 12(b)(6) motion after hearing oral argument.
On September 5, 1985, the appellants filed a motion to dismiss the town’s petition pursuant to Miss. Code Ann. § 11-27-15 (1972). The circuit judge overruled the appellant’s motion on September 4, 1985. Pursuant to Miss. Code Ann. § 11-27-15 (1972), the appellants appeal the circuit judge’s ruling.
The Mississippi Code provides a special statute which allows defendants to file a motion to dismiss a petition in eminent domain on the following grounds:
1. That the petitioner seeking to exercise the right of eminent domain is not, in character, such a corporation, association, district or other legal entity as is entitled to the right;
*261 2. There is no public necessity for the taking of the particular property or a part thereof which it is proposed to condemn; or
3. That the contemplated use alleged to be a public use is not in law a public use for which private property may be taken or damaged.
Miss.Code Ann. § 11-27-15 (1972).
This statute also allows an appeal from an order overruling or granting a motion to dismiss directly to the Supreme Court. Id.
I.
The Mississippi Constitution provides: Whenever an attempt is made to take private property for a use alleged to be public, the question whether the contemplated use be public shall be a judicial question, and, as such, determined without regard to the Legislative assertion the use is public. [Emphasis added]
Miss. Const. Art. Ill, § 17.
Applying this section, we have held that the question of public use is always a judicial question while the question of public necessity is a Legislative question. Paulk v. Housing Authority of Tupelo, 195 So.2d 488 (Miss.1967); Pearl River Valley Water Supply District v. Wood, 248 Miss. 748, 759, 160 So.2d 917, 921 (1964); Pearl River Valley Water Supply District v. Brown, 248 Miss. 4, 20, 156 So.2d 572, 576 (1963).
The burden of proof on the issue of necessity is on the landowner who seeks to show lack of necessity. Whether the taking is necessary is within the discretion of the condemnor and courts will interfere with the exercise of such discretion only when abuse or fraud is shown. Pearl River Valley Water Supply District v. Brown, supra.
Paulk v. Housing Authority of Tupelo, supra. See also Pearl River Valley Water Supply District v. Wood, supra; Horne v. Pearl River Valley Water Supply District, 249 Miss. 358, 365-366, 162 So.2d 504, 506 (1964).
II.
The appellant claims that the Town of Stonewall lacked the statutory authority to condemn land for a boat ramp. While we have held that drainage districts should not have the implied power to condemn private land for recreational purposes unless specifically authorized by the Legislature, Terry v. Long Creek Watershed Drainage District, 380 So.2d 1270, 1272 (Miss.1980), the Mississippi Code authorizes municipalities to exercise the power of eminent domain: To secure “land for parks, ... And in any other case where the land is to be used for public purposes.” Miss. Code Ann. § 21-37-47. By this statute the Mississippi Legislature has given municipalities broad discretion to condemn land according to the town’s public need.
We have also held that public recreation including the building of a boat ramp is a valid public need. Pearl River Valley Water Supply District v. Wood, 248 Miss, at 753, 160 So.2d 917; Pearl River Valley Water Supply District v. Brown, supra, at 17, 156 So.2d 572. Thus, Stonewall had the authority to condemn the appellant’s land to build a boat launching ramp.
III.
The appellants complain that the Town of Stonewall could not condemn his land for one use, then later add another use to the property. We have long held, however, property which is condemned for one public use may be taken for another public use. City of Greenwood v. Gwin, 153 Miss. 517, 121 So. 160, 163 (1929):
In the absence of some statute expressly forbidding it, property devoted to one public use may be taken for another public use where the taking will not materially impair or interfere with, or is not inconsistent with, the existing uses and not detrimental to the public interest. It is not material that some inconvenience may result to the prior occupant with the conditions or such that the two uses can stand together.
State Highway Commission v. Yellow Creek, 181 Miss. 651, 663, 180 So. 749, 752 (1938). See also Greenville MP & L Co. v. *262 Thomas, 241 Miss. 633, 647, 131 So.2d 659, 663 (1961).
By condemning land, the town “must meet not only the present needs but also those which may be reasonably anticipated in the future.” Erwin v. Mississippi State Highway Commission, 213 Miss. 885, 903, 58 So.2d 52 (1952). The Town of Stonewall can condemn land for a sewage lagoon and contemplate another, additional use for the condemned land so long as the additional use does not materially interfere with the land’s original use.
When the town condemned the 28.2-acre tract, Stonewall did not indicate that it planned to use any of the excess land for a recreational purpose. Stonewall’s board of aldermen had wide discretion to determine the town’s future public needs and was not required to specify the use for every part of the land taken.
It is unreasonable and unnecessary to require the condemnor for such public uses to include in the resolution and show by proof final plans for every part of the land taken. Such a rigid requirement would imply that no change could ever be made in the various public uses as time and circumstances might require. It would also imply no change in plans or use could ever be made. So long as public use is shown, detailed plans are not required. [Emphasis added]
Pearl River Valley Water Supply District v. Brown, supra, 248 Miss, at 23, 156 So.2d 572. See also Home v. Pearl River Valley Water Supply District, 249 Miss, at 365, 162 So.2d at 507; Pearl River Valley Water Supply District v. Wood, 248 Miss, at 761, 160 So.2d at 922.
The Town of Stonewall properly condemned the property and paid the appellants $18,550 for the 28.2 acres of land. The town can use the subject property for an additional public purpose so long as the new use does not materially interfere with the original use. The appellants failed to indicate how a boat ramp on 2.5 acres of the 28.2-acre tract would interfere with the operation of sewage lagoon. Clearly, Stonewall had the power to condemn the appellant’s 28.2-acre tract and could at a later date add a boat ramp to a portion of that land as long as the ramp didn’t interfere with the sewage lagoon. Thus, the circuit court correctly denied the appellant’s motion to dismiss the town’s petition.
AFFIRMED.
WALKER, C.J., ROY NOBLE LEE, P.J., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON and GRIFFIN, JJ., concur.
DAN M. LEE, J., concurs in result only.